UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| USA,<br><br>　　　　　Plaintiff,<br>　v.<br>JIE ZHONG,<br>　　　　　Defendant.<br>_____/ | No. C 11-05112 MEJ<br><br>**ORDER RE MOTIONS IN LIMINE**<br>[Dkt. Nos. 41, 42, 43, 46, 47] |

On February 7, 2013, the Court held a pretrial conference in this matter, at which time it heard oral argument from the parties on their respective motions in limine. The Court now issues the following rulings.

**1.  Defendant's Motion in Limine to Exclude Testimony of James Burke (Dkt. No. 46)**

Defendant moves to exclude the testimony of ICE Special Agent James Burke on the grounds that it will be irrelevant, is inadmissible lay opinion evidence, and is cumulative. Agent Burke reviewed the investigation of Defendant by USCIS Officer Condon and determined that Defendant had obtained his citizenship improperly and that denaturalization proceedings were appropriate. Defendant argues that these facts are irrelevant under Federal Rule of Evidence 401 and that the reasons relied upon by Agent Burke in referring or approving the naturalization proceedings constitute inadmissible opinion evidence under Evidence Rule 701(b). Finally, Defendant argues that the testimony should be excluded under Evidence Rule 403 because it is cumulative of Officer Condon's testimony and would cause undue delay and waste time.

The Government, however, argues that the issue before the Court is whether Defendant's naturalization was illegally procured or procured by concealment of a material fact or by willful misrepresentation. *See* 8 U.S.C. § 1451(a); 8 C.F.R. § 304.2. In order to institute proceedings to

revoke and set aside the order admitting a person to citizenship, an affidavit of good cause must be filed. 8 U.S.C. § 1451(a). Here, Agent Burke reviewed Defendant's files and determined that good cause existed for referring the case to the U.S. Attorney, thereby initiating the revocation proceedings. The Court therefore finds that Agent Burke's testimony is relevant. Further, the Court agrees with the Government that Agent Burke may testify to his experience as an ICE agent reviewing files and the basis for his determination, and thus his testimony is not inadmissible lay opinion testimony. Finally, given that Agent Burke was responsible for reviewing Plaintiff's file, his testimony regarding that review is not cumulative of testimony from any other witness.

Taken together, the Court **DENIES** Defendant's motion to exclude testimony from Agent Burke **without prejudice** to Defendant making any specific objections that may be appropriate at trial.

**2.    Defendant's Motion in Limine to Permit Use of Nicole Williams' Declaration for Impeachment (Dkt. No. 47)**

In its Order denying summary judgment, the Court struck Nicole Williams' November 18, 2011 declaration on the ground that Williams invoked her Fifth Amendment rights and refused to be questioned about her representations in that document. Dkt. No. 36 at 15. Defendant now moves for an order allowing him to use Nicole Williams' November 18, 2011 declaration for impeachment purposes. In response, the Government explains that while it has listed Williams as a witness for trial and served Williams on January 28, 2013, it is unclear whether Williams will appear for trial. The Government further explains that even if Williams appears, it is uncertain whether she will testify or whether she will again assert her rights under the Fifth Amendment. The Government thus argues that Defendant's motion is premature at this time. The Court agrees with the Government, Aand therefore **DENIES** Defendant's motion **without prejudice** to Defendant reasserting it at trial if Williams testifies.

**3.    The Government's Motion in Limine to Exclude Thipphavone Ark's Report and Testimony (Dkt. No. 41)**

Defendant has listed Thipphavone Ark, an immigration lawyer, as a witness. In the parties'

2

joint pretrial conference statement, Defendant states Ms. Ark will testify: that Defendant's Falun Gong claim was valid; that the INS asylum office correctly granted Defendant's asylum application in June 2000 based on the protected ground of religion; that Defendant would have established a well-founded fear of prosecution based on the Chinese government's perception of him as an "enemy" of the state as a Falun Gong practitioner; how the asylum office assess a claim and how it determines if the persecutor would impute something to the applicant; and that the asylum interviews are required to be non-confrontational. *See* Dkt. No. 38 at 10-11.

The Government argues that Ms. Ark's testimony is irrelevant because whether the asylum officer correctly analyzed Defendant's application is not germane to the issue of whether Defendant committed fraud in making his asylum claim.

The Court agrees with the Government. The topics for which Defendant proffers Ms. Ark's testimony pertain to issues that are within the province of the Court to determine by considering Defendant's testimony and assessing his credibility. While Defendant contends that Ms. Ark may provide some relevant testimony regarding the asylum application process and whether the grant of asylum was valid, these are issues that the Court can assess through percipient witness testimony and citation to the controlling legal authorities. Accordingly, the Court **GRANTS** the Government's motion. However, if issues arise during the Government's case-in-chief which Defendant believes necessitate Ms. Ark's testimony, Defendant may move for reconsideration of this ruling at that point.

**4.    The Government's Motion in Limine to Draw an Adverse Inference from Witnesses' Invocation of the Fifth Amendment (Dkt. No. 42)**

The Government argues that when it deposed Julia Chen and Nicole Williams, each witness invoked her right to protection under the Fifth Amendment regarding evidence that demonstrates that Defendant's marriage to Williams was fraudulent. The Government requests that if Chen or Williams testify at trial and invoke their Fifth Amendment privilege, the Court draw an adverse inference against Defendant. In response, Defendant argues that the Government's motion is premature at this time and should be made in a trial brief at the close of trial. The Court agrees with Defendant. Accordingly, the Court **DENIES** the Government's motion **without prejudice**.

**5.    The Government's Motion in Limine to Admit Testimony Regarding Statements Made to USCIS Officer Condon by Nicole Williams (Dkt. No. 43)**

The Government contends that on November 4, 2010, Officer Condon interviewed Nicole Williams regarding her marriage to Defendant. During the interview, Williams stated that she was supposed to receive money in exchange for her marriage to Defendant and that the marriage was fraudulent. Thereafter, Defendant obtained an affidavit from Williams in which she disavowed her earlier statements to Officer Condon. During her deposition, Williams invoked her Fifth Amendment right rather than answer questions regarding her conflicting affidavits.

The Government now argues that if Williams invokes her Fifth Amendment rights at trial or is otherwise unavailable to testify, the statements Williams made in her interview with Officer Condon are admissible pursuant to Evidence Rule 804(b)(3). Defendant counters that the Government's motion is premature. The Court agrees. Accordingly, the Court **DENIES** the Government's motion **without prejudice**.

   **IT IS SO ORDERED.**

Dated: February 7, 2013

_____
Maria-Elena James
United States Magistrate Judge